Karen I. Gold (State Bar No. 258360)
kgold@blackstonepc.com
Marissa M. Mayhood (State Bar No. 334376)
mmayhood@blackstonepc.com
Noam Y. Reiffman (State Bar No. 299446)
nreiffman@blackstonepc.com
Sara Pezeshkpour (State Bar No. 260240)
spezeshkpour@blackstonepc.com
**BLACKSTONE LAW, APC**
8383 Wilshire Boulevard, Suite 745
Beverly Hills, California 90211
Telephone: (310) 622-4278 / Facsimile: (855) 786-6356

*Attorneys for* Plaintiff RAJEEV RAM, individually, and on behalf of other similarly situated employees

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

RAJEEV RAM, individually, and on behalf of other similarly situated employees,

Plaintiff,

vs.

NATERA, INC.; BARRETT BUSINESS SERVICES, INC.; BBSI STAFFING SERVICES, LLC; and DOES 1 through 25, inclusive,

Defendants.

Case No.: 4:25-cv-08060-YGR

**FIRST AMENDED CLASS ACTION COMPLAINT**

**(1) Violation of Cal. Labor Code §§ 1194, 1197, and 1197.1 (Minimum Wages)**

**(2) Violation of Cal. Labor Code §§ 510 and 1198 (Unpaid Overtime)**

**(3) Violation of Cal. Labor Code §§ 226.7 and 512(a) (Meal Break Violations)**

**(4) Violation of Cal. Labor Code § 226.7 (Rest Break Violations)**

**(5) Violation of Cal. Labor Code §§ 204 and 210 (Wages Not Timely Paid During Employment)**

**(6) Violation of Cal. Labor Code § 226(a) (Wage Statement Violations)**

**(7) Violation of Cal. Labor Code §§ 201, 202, and 203 (Untimely Final Wages)**

**(8) Violation of Cal. Labor Code §§ 2800 and 2802 (Failure to Reimburse Necessary Business Expenses)**

**(9) Violation of Cal. Business & Professions Code §§ 17200, *et seq*.**

**DEMAND FOR JURY TRIAL**

Plaintiff RAJEEV RAM ("Plaintiff"), individually, and on behalf of other similarly situated employees, alleges as follows against Defendant NATERA, INC., BARRETT BUSINESS SERVICES, INC., BBSI STAFFING SERVICES, LLC, and DOES 1 through 25, inclusive (collectively, "Defendants"):

## INTRODUCTION

1. This is a class action to recover damages on behalf of Plaintiff and all current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment ("Class Members").

2. Plaintiff alleges that Defendants hired Plaintiff and Class Members but, among other things, failed to properly pay them all wages owed for all time worked (including minimum wages, straight time wages, and overtime wages), failed to provide them with all meal periods and rest periods and associated premium wages to which they were entitled, failed to timely pay them all wages due during their employment, failed to timely pay them all wages due upon termination of their employment, failed to provide them with accurate itemized wage statements, and failed to reimburse them for necessary business expenses.

3. As a result, Defendants violated, *inter alia*, California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1, 1198, 2800, and 2802, and the applicable Industrial Welfare Commission ("IWC") Wage Order. Through this action, Plaintiff seeks to recover all available remedies including but not limited to actual and liquidated damages and attorney's fees and costs.

## JURISDICTION AND VENUE

4. This is a class action lawsuit originally filed in San Mateo Superior Court (Case No. 25-CIV-06020) and brought pursuant to California Code of Civil Procedure section 382.

5. The monetary damages, restitution, statutory penalties, and other applicable legal and equitable relief sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

/ / /

6. The Superior Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

7. The Superior Court has jurisdiction over all Defendants because, upon information and belief, Defendants are either citizens of California, have sufficient minimum contacts in California, and/or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice. Further, no federal question is at issue because the claims asserted herein are based solely on California law.

8. Plaintiff maintains, based on information and belief, that this Court does not have jurisdiction over this matter, and is currently evaluating whether to file a Motion to Remand this matter to state court.

9. Venue is proper because, upon information and belief, Defendants maintain offices, have agents, employ individuals, and/or transact business in the State of California, County of San Mateo, including at 201 Industrial Rd, San Carlos, CA 94070. Many of the acts, events, and violations alleged herein relating to Plaintiff occurred throughout the State of California, including in the County of San Mateo.

## **THE PARTIES**

10. At all times herein mentioned, Plaintiff RAJEEV RAM is and was an individual residing in the State of California.

11. At all times herein mentioned, Defendant NATERA, INC. was and is an employer who does business in California, with locations throughout the State of California, and whose employees are engaged throughout San Mateo County and the State of California, including at 201 Industrial Rd, San Carlos, CA 94070. Plaintiff is informed and believes, and thereupon alleges, that Defendant NATERA, INC. is a clinical genetic testing and diagnostics company, specializing in cell-free DNA testing.

/ / /

12. At all times herein mentioned, Defendant BARRETT BUSINESS SERVICES, INC. was and is an employer who does business in California, with locations throughout the State of California, and whose employees are engaged throughout San Mateo County and the State of California, including at 201 Industrial Rd, San Carlos, CA 94070.

13. At all times herein mentioned, Defendant BBSI STAFFING SERVICES, LLC was and is an employer who does business in California, with locations throughout the State of California, and whose employees are engaged throughout San Mateo County and the State of California, including at 201 Industrial Rd, San Carlos, CA 94070.

14. Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 25 but will seek leave of this Court to amend the Complaint and serve such fictitiously named Defendants once their names and capacities become known.

15. Plaintiff is informed and believes, and thereon alleges, that the acts and omissions alleged herein were performed by, or are attributable to defendant NATERA, INC., BARRETT BUSINESS SERVICES, INC., BBSI STAFFING SERVICES, LLC, and/or DOES 1 through 25, each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of Defendants represent and were in accordance with Defendants' official policies.

16. At all relevant times, Defendants were the employers of Plaintiff within the meaning of all applicable state laws and statutes. Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

17. Defendants had the authority to hire and terminate Plaintiff and the other Class Members, to set work rules and conditions governing Plaintiff and the other Class Members' employment, and to supervise their daily employment activities.

18. Defendants exercised sufficient authority over the terms and conditions of Plaintiff and the other Class Members' employment for them to be joint employers of Plaintiff and the other Class Members.

19. Defendants directly hired and paid wages to Plaintiff and the other Class Members.

20. Defendants continue to employ hourly paid and/or non-exempt employees within the State of California.

21. At all relevant times, Defendants, and each of them, ratified each act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

22. Plaintiff is informed and believes, and thereon alleges, that each Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## GENERAL ALLEGATIONS

23. Plaintiff RAJEEV RAM worked for Defendants from approximately November 2024 through approximately April 2025 as a Facilities Coordinator and an Environmental Health and Safety Associate. Defendants jointly and severally employed RAJEEV RAM in San Carlos, California. RAJEEV RAM performed various duties for Defendants including, among other things, performing evaluations, inspecting and ensuring the functionality of equipment, responding to Jira tickets, and tagging fire extinguishers.

24. At all times relevant herein, Plaintiff was a non-exempt, hourly paid employee.

25. On information and belief, Plaintiff's wage, at the time of his termination, was $38.50 per hour.

26. Throughout his employment with Defendants, Plaintiff was generally scheduled to work eight (8) hours per day, five days per week, for a total of forty (40) hours per week.

27. Throughout his employment with Defendants, Plaintiff often was not afforded compliant meal breaks. Plaintiff is informed and believes, and thereon alleges, that he also was not paid meal break premiums. Plaintiff was forced to work during meal breaks and/or take late or short meal breaks due the amount of work he was expected to complete per shift.

28. Throughout his employment with Defendants, if and when Plaintiff did take breaks, his meal breaks were also interrupted by co-workers or supervisors with work-related matters.

/ / /

29. Throughout his employment with Defendants, Plaintiff often was not afforded compliant rest breaks. Plaintiff is informed and believes, and thereon alleges, that he also was not paid rest break premiums. Plaintiff is informed and believes, and thereon alleges, that he was never advised of his entitlement to rest breaks. As such, Plaintiff was forced to work through rest breaks and/or take late or short rest breaks due to the amount of work he was expected to complete per shift.

30. Throughout his employment with Defendants, if and when Plaintiff did take a rest break, his rest break was often interrupted by co-workers or supervisors with work-related matters.

31. Moreover, throughout his employment with Defendants, Defendant suffered or permitted Plaintiff to work for the benefit of Defendants while "off-the-clock" during meal periods on several occasions (dates currently unknown) including, but not limited to, his supervisor interrupting or cutting short breaks with various questions, assignments and/or issues that needed immediate attention, thus requiring him to work off-the-clock in those instances.

32. Furthermore, throughout his employment with Defendants, Defendant suffered or permitted Plaintiff to work off-the-clock by requiring Plaintiff to walk several minutes from the required parking area for employees, through the premises, and up the elevator or stairs to the second floor, prior to reaching a station at which he could clock-in. During this time, Plaintiff was on Defendants' premises and subject to the control of Defendant.

33. Based on the foregoing, Plaintiff was suffered and/or permitted to work additional hours in excess of 8 hours per day and/or 40 hours per workweek for which he was not paid the applicable minimum wage and/or overtime wages, by not including the time to perform such tasks as part of his daily hours worked.

34. Plaintiff is informed and believes, and thereupon alleges, that he suffered at least one of each of the aforementioned violations on each and every pay period/workweek while he was employed by Defendants. By way of example only, Plaintiff is informed and believes, and thereupon alleges, that he suffered one or more of the aforementioned violations during the following pay periods/workweeks:

- November 17, 2024 – November 30, 2024
- December 1, 2024 – December 14, 2024

- December 15, 2024 – December 28, 2024
- December 29, 2024 – January 11, 2025
- January 12, 2025 – January 25, 2025
- January 26, 2025 – February 8, 2025
- February 9, 2025 – February 22, 2025
- February 23, 2025 – March 8, 2025
- March 9, 2025 – March 22, 2025
- March 23, 2025 – April 5, 2025
- April 6, 2025 – April 19, 2025

35. Additionally, Plaintiff was required to provide his cellular phone number to Defendants, including his supervisor(s), who regularly contacted Plaintiff on his cell phone to discuss work related matters such as tasks and status of assignments. Plaintiff purchased a cellular phone (cost currently unknown) and paid a monthly cellular phone plan. Upon information and belief, Plaintiff requested reimbursement for such costs, but Defendants did not reimburse Plaintiff despite contacting Plaintiff on his cell phone on a near-daily basis.

36. Plaintiff is informed and believes, and thereupon alleges, that his experiences were shared by the Class Members.

37. Thus, Plaintiff is informed and believes, and thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid and/or non-exempt employees. As set forth in more detail below, this pattern and practice of wage abuse involved, *inter alia*, requiring Plaintiff and the other Class Members to work off-the-clock without compensation, failing to properly pay wages for all hours worked, failing to provide all meal and rest breaks to which they were entitled and failing to pay meal and rest break premiums when due, failing to timely pay wages during employment and upon termination of employment, failing to provide accurate wage statements, failing to reimburse necessary business-related expenses, and failing to adhere to other related protections afforded by the California Labor Code and the applicable IWC Wage Order.

38. Defendants knew or should have known that they had a duty to compensate Plaintiff and the other Class Members pursuant to California law. Defendants had the financial ability to pay

such compensation, but willfully, knowingly, and intentionally failed to do so to increase Defendants' profits.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff and all others similarly situated, as members of a proposed class pursuant to California Code of Civil Procedure section 382 and/or Federal Rule of Civil Procedure 23. The class satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements under California Code of Civil Procedure section 382 and Federal Rule 23.

40. The proposed **Class** is defined as follows:

> **All current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment.**

41. The proposed **Former Employee Sub-Class** is defined as follows:

> **All former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment.**

42. Plaintiff reserves the right to establish additional subclasses as appropriate.

43. There is a well-defined community of interest in this litigation and the Class is easily ascertainable. While the exact number and identities of Class Members are currently unknown to Plaintiff, such information can be ascertained through appropriate discovery from records maintained by Defendants and their agents.

44. The Class is so numerous that the individual joinder of all its members is impracticable.

45. Common questions of fact and law exist as to all Class Members, which predominate over any questions affecting only individual members of the Class. The common legal and factual questions which do not vary from Class Member to Class Member, and which may be determined without reference to the individual circumstances of any Class Member include the following:

i. Whether Defendants had a policy and practice of failing to pay minimum wages to Plaintiff and the other Class Members for all hours worked;

ii. Whether Defendants had a policy and practice of failing to pay overtime wages to Plaintiff and the other Class Members for all overtime hours worked;

iii. Whether Defendants had a policy and practice of failing to provide meal periods to Plaintiff and the other Class Members;

iv. Whether Defendants had a policy and practice of failing to provide rest periods to Plaintiff and the other Class Members;

v. Whether Defendants failed to pay their hourly-paid and/or non-exempt employees in the State of California for all hours worked, and for all missed, short, late, and/or interrupted meal periods and rest breaks;

vi. Whether Defendants failed to timely pay all wages due to Plaintiff and the other Class Members during their employment;

vii. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

viii. Whether Defendants failed to pay all wages due to Plaintiff and the other Class Members within the required time upon their discharge or resignation;

ix. Whether Defendants failed to comply with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

x. Whether Defendants failed to reimburse Plaintiff and the other Class Members for necessary business-related expenses and costs;

xi. Whether Defendants' conduct was willful or reckless;

xii. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq*.;

xiii. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

xiv. Whether Plaintiff and the other Class Members are entitled to compensatory damages pursuant to the California Labor Code.

46. Plaintiff's claims are typical of the claims of the Class, and Plaintiff's interests are coincident with and not antagonistic to those of the other Class Members Plaintiff seeks to represent. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions and Plaintiff intends to prosecute this action vigorously.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, and/or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual and legal issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class Member.

48. Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the Class Members who are not named in the complaint anonymity that allows for the vindication of their rights.

## FIRST CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE §§ 1194, 1197, AND 1197.1

### Failure to Pay Minimum Wage

### (Against All Defendants)

49. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

50. California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful. Plaintiff and the other Class Members were frequently suffered or permitted to work "off-the-clock" prior to clocking

in or after clocking out for their shifts, such that they were not paid minimum wage for all hours worked.

51. Accordingly, Defendants regularly failed to pay at least minimum wages to Plaintiff and the other Class Members for all hours they worked in violation of California Labor Code sections 1194, 1197, and 1197.1.

52. Defendants knew or should have known that Plaintiff and the other Class Members were performing such work "off-the-clock" because, among other things, Defendants' management witnessed, authorized, was made aware of, and/or required Plaintiff and Class Members to perform such work.

53. Defendants' failure to pay Plaintiff and the other Class Members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiff and the other Class Members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, and attorney's fees.

54. Pursuant to California Labor Code section 1194.2, Plaintiff and the other Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE §§ 510 AND 1198

## Unpaid Overtime

## (Against All Defendants)

55. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

56. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons for extended periods of time without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily and/or weekly basis.

57. Specifically, the applicable IWC Wage Order provides that Defendants were required to pay Plaintiff and the other Class Members at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and/or in excess of the first

eight (8) hours worked on the seventh consecutive day in a workweek.

58. The applicable IWC Wage Order further provides that Defendants were required to pay Plaintiff and the other Class Members overtime compensation at a rate of two (2) times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day and/or for all hours worked in excess of eight (8) hours on the seventh consecutive day in a workweek.

59. California Labor Code section 510 codifies the right to overtime compensation at one-and-one half times the regular hourly rate for hours worked in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and/or in excess of the first eight (8) hours worked on the seventh consecutive day in a workweek, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

60. Plaintiff and the other Class Members regularly worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, in excess of forty (40) hours in a week, and/or in excess of seven (7) consecutive days in a workweek. However, Defendants did not accurately record Plaintiff and the other Class Members' actual hours worked and intentionally and willfully failed to pay all overtime wages owed to Plaintiff and the other Class Members. Defendants' failure to pay correct overtime wages included, *inter alia*: (a) when the combined total of the off-the-clock work discussed *supra* and the on-the-clock work exceed the number of hours that trigger the payment of overtime wages under California Labor Code sections 510 and 1198 and/or the applicable IWC Wage Order; (b) when Defendants intentionally, willfully, and/or negligently mischaracterized overtime as straight time; (c) when Defendants assigned more work than could reasonably be completed in a workday or workweek to Plaintiff and Class Members, but refused to authorize the overtime necessary for them to complete the assigned work; and (d) when Defendants failed to include all required wages and renumeration when calculating setting the overtime rate.

61. Defendants' failure to pay Plaintiff and the other Class Members as outlined above violates California Labor Code sections 510 and 1198 and the applicable IWC Wage Order and is therefore unlawful.

/ / /

62. Pursuant to California Labor Code section 1194, Plaintiff and the other Class Members are entitled to recover their unpaid overtime compensation, and interest, costs, and attorneys' fees.

**THIRD CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 226.7 AND 512(a)**

**Meal Break Violations**

**(Against All Defendants)**

63. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

64. California Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order govern Plaintiff and the other Class Members' employment by Defendants.

65. California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable IWC Order.

66. The applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

67. The applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause, or permit an employee to work a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

68. Plaintiff and the other Class Members who were scheduled to work for shifts no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

69. Plaintiff and the other Class Members who were scheduled to work for shifts in excess of ten (10) hours but no longer than twelve (12) hours, and who did not waive their legally-mandated

meal periods by mutual consent, were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

70. Defendants intentionally and willfully required Plaintiff and the other Class Members to work during meal periods and failed to compensate Plaintiff and the other Class Members for work performed during meal periods. This includes, among other things, requiring Plaintiff and Class Members to work through their lunch breaks, permitting and/or requiring Plaintiff and Class Members to take late lunch breaks, permitting and/or requiring Plaintiff and Class Members to take short lunch breaks, interrupting and/or allowing others to interrupt Plaintiff and Class Members during their lunch breaks, failing to relieve Plaintiff and Class Members of all duties during their lunch breaks, and restricting Plaintiff and Class Members from leaving the premises during their lunch breaks.

71. During the relevant time period, Defendants failed to pay Plaintiff and the other Class Members all meal period premiums due pursuant to California Labor Code section 226.7 and 512 and the applicable IWC Wage Order. Defendants failed to include all required wages and renumeration, including non-discretionary commissions, non-discretionary bonuses, and non-discretionary performance pay, when calculating regular rates of pay for meal period premiums and/or merely using straight time pay to calculate regular rates of pay for meal period premiums.

72. Defendants' conduct therefore violates the applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

73. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendants one additional hour of pay at their regular rate of compensation for each workday that a compliant meal period was not provided as well as interest thereon.

**<u>FOURTH CAUSE OF ACTION</u>**

**VIOLATION OF CAL. LABOR CODE § 226.7**

**Rest Break Violations**

**(Against All Defendants)**

74. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

75. California Labor Code section 226.7 and the applicable IWC Wage Order govern

Plaintiff and the other Class Members' employment by Defendants.

76. California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

77. The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours."

78. Defendants routinely required Plaintiff and the other Class Members to work three and one-half (3 ½) or more hours without authorizing or permitting a compliant ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked.

79. Moreover, Defendants willfully required, suffered, and permitted Plaintiff and the other Class Members to work during what should have been their rest periods. Defendants also failed to relieve Plaintiff and the other Class Members of all duties for ten (10) minutes as required for compliant rest breaks.

80. As a result, Plaintiff worked through rest periods, took late rest periods, took interrupted rest periods, and/or took short rest periods, if at all.

81. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other Class Members were entitled to recover from Defendants one (1) additional hour of pay at their regular hourly rate of compensation for each workday that compliant rest period(s) were not provided.

82. Defendants had no policy or practice to pay a premium when rest periods were missed, short, late, and/or interrupted, or otherwise failed to comply with California law, and thus Defendants failed to pay Plaintiff and the other Class Members the full rest period premium due to them in violation of California Labor Code section 226.7 and the applicable IWC Wage Order. Defendants failed to include all required wages and renumeration, including non-discretionary commissions, non-discretionary bonuses, and non-discretionary performance pay, when calculating regular rates of pay for rest period premiums and/or merely using straight time pay to calculate regular rates of pay for rest

period premiums.

83. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other Class Members are entitled to recover from Defendants one additional hour of pay at their regular rate of compensation for each workday compliant rest period(s) were not provided as well as interest thereon.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 204 AND 210**

**Wages Not Timely Paid During Employment**

**(Against All Defendants)**

84. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

85. California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and 26th day of the month during which the labor was performed.

86. California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

87. California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

88. As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), Defendants intentionally and willfully failed to timely pay Plaintiff and the other Class Members all wages due to them within the period permissible under California Labor Code section 204.

89. Plaintiff and the other Class Members are entitled to recover all available remedies for Defendants' violations of California Labor Code section 204, including statutory penalties pursuant to California Labor Code section 210(b).

/ / /

**<u>SIXTH CAUSE OF ACTION</u>**

**VIOLATION OF CAL. LABOR CODE § 226(a)**

**Wage Statement Violations**

**(Against All Defendants)**

90. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

91. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of its employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, and all applicable hourly rates.

92. As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), Defendants intentionally and willfully failed to provide Plaintiff and the other Class Members with complete and accurate wage statements. The deficiencies include, among other things, the failure to state all hours worked, the failure to state the actual gross wages earned, the failure to include meal and rest break premiums, and the failure to include correct rates of pay. Accordingly, Defendants violated California Labor Code 226(a).

93. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other Class Members have suffered injury and damage to their statutorily protected rights.

94. Specifically, Plaintiff and the other Class Members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving accurate, itemized wage statements under California Labor Code section 226(a). In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiff and the other Class Members have been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment. Plaintiff had to file this lawsuit, and will further have to conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiff and the other Class Members were paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these

costs had Defendants provided the accurate number of total hours worked. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

95. Plaintiff and the other Class Members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000).

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 201, 202, AND 203**

**Untimely Final Wages**

**(Against All Defendants)**

96. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

97. Pursuant to California Labor Code sections 201, 202, and 203, Defendants are required to timely pay all earned and unpaid wages to an employee who is discharged. California Labor Code section 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately. California Labor Code section 202 mandates that if an employee quits, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

98. California Labor Code section 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than thirty (30) days.

99. Plaintiff was terminated by Defendant on or around April 18, 2025. Plaintiff was entitled to all wages earned over the course of his employment. However, as a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), at the time that Plaintiff and the other Class Members' employment with Defendants ended, Defendants knowingly and willfully failed to pay them all wages owed

to them pursuant to California Labor Code sections 201 and 202, including, without limitation, overtime wages, minimum wages, meal period premium wages, and rest period premium wages, and all wages due to Plaintiff and Class Members as they became due, as required per California Labor Code section 204.

100. As a result, Plaintiff and the other Class Members are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code section 203, together with interest thereon, as well as other available remedies.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 2800 AND 2802**

**Failure to Reimburse Necessary Business Expenses**

**(Against All Defendants)**

101. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

102. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of the employee's job duties or in direct consequence of the employee's job duties or in direct consequence of the employee's obedience to the directions of the employer.

103. Plaintiff and the other Class Members incurred necessary business-related expenses and costs. Upon information and belief, Plaintiff and other Class Members requested reimbursement for such business-related expenses and costs, however they were not fully reimbursed by Defendants.

104. Defendants intentionally and willfully failed to reimburse Plaintiff and the other Class Members for all necessary business-related expenses and costs. Plaintiff and the other Class Members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of employment, plus interest accrued from the date on which Plaintiff and the other Class Members incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

/ / /

/ / /

/ / /

**NINTH CAUSE OF ACTION**

**VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE §§ 17200, *ET. SEQ*.**

**Unfair and Unlawful Business Practices**

**(Against All Defendants)**

105. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

106. Each and every one of Defendants' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged in this Complaint, including but not limited to Defendants' failure and refusal to pay overtime compensation, Defendants' failure and refusal to pay minimum wages, Defendants' failure and refusal to provide required meal periods and/or pay meal period premiums, Defendants' failure and refusal to provide required rest periods and/or pay the required rest break premiums, Defendants' failure and refusal to timely pay wages at the correct rate during employment, Defendants' failure and refusal to furnish accurate itemized wage statements, Defendants' failure and refusal to reimburse business-related expenses and costs, and Defendants' failure and refusal to timely pay wages upon termination constitutes unfair and unlawful business practices under California Business and Professions Code sections 17200, *et seq*.

107. Defendants' violations of California wage and hour laws constitute unfair and unlawful business practices because, among other things, they were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and the other Class Members.

108. Defendants have avoided payment of overtime wages, minimum wages, meal period premiums, rest period premiums, timely wages at the correct rate of pay, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, Defendants have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

109. As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during Plaintiff and the other Class Members' tenure at the expense of Plaintiff, the other Class Members, and members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiff and the other Class Members.

/ / /

110. Plaintiff and the other Class Members lack an adequate remedy at law, and Defendants' unfair and unlawful business practices entitle Plaintiff and the other Class Members to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore to Plaintiff and the other Class Members the wages and other compensation unlawfully withheld from them. Plaintiff and the other Class Members are entitled to restitution of all monies to be disgorged from Defendants in an amount according to proof at the time of trial.

## PRAYER FOR RELIEF

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Class;
3. That counsel for Plaintiff be appointed as Class Counsel; and
4. That Defendants provide to Class Counsel the names and most current/last known contact information (addresses, e-mails, and telephone numbers) of all Class Members.

### As to the First Cause of Action

5. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other Class Members;
6. For general unpaid wages and such general and special damages as may be appropriate;
7. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other Class Members in the amount as may be established according to proof at trial;
8. For pre-judgment interest on any unpaid compensation from the date such amounts were due;
9. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);
10. For liquidated damages pursuant to California Labor Code section 1194.2; and

11. For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

12. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and the applicable IWC Wage Order by willfully failing to pay all overtime wages due to Plaintiff and the other Class Members;

13. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

14. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

16. For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512 and the applicable IWC Wage Order by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other Class Members;

18. For premium wages pursuant to California Labor Code section 226.7(c);

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For pre-judgment interest on any unpaid wages from the date such amounts were due;

21. For reasonable attorneys' fees and costs of suit incurred herein; and

22. For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause Action**

23. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 226.7 and the applicable IWC Wage Order by willfully failing to provide all rest periods to Plaintiff and the other Class Members;

24. For premium wages pursuant to California Labor Code section 226.7(c);

25. For all actual, consequential, and incidental losses and damages, according to proof;

26. For pre-judgment interest on any unpaid wages from the date such amounts were due;

and

27. For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

28. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other Class Members;

29. For statutory penalties pursuant to California Labor Code section 210; and

30. For such other and further relief as the Court deems just and proper.

**As to the Sixth Cause of Action**

31. That the Court declare, adjudge, and decree that Defendants violated the provisions of California Labor Code section 226(a) as to Plaintiff and the other Class Members, and willfully failed to provide accurate itemized wage statements to them;

32. For actual, consequential, and incidental losses and damages, according to proof;

33. For statutory penalties pursuant to California Labor Code section 226(e);

34. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

35. For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

36. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other Class Members no longer employed by Defendants;

37. For all actual, consequential, and incidental losses and damages, according to proof;

38. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other Class Members who have left Defendants' employ;

39. For pre-judgment interest on any unpaid compensation from the date due; and

40. For such other and further relief as the Court may deem just and proper.

/ / /

**As to the Eighth Cause of Action**

41. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other Class Members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

42. For actual, consequential, and incidental losses and damages, according to proof;

43. For the imposition of civil penalties and/or statutory penalties;

44. For reasonable attorneys' fees and costs of suit incurred herein; and

45. For such other and further relief as the Court may deem just and proper.

**As to the Ninth Cause of Action**

46. That the Court declare, adjudge, and decree that Defendants violated the following California Labor Code sections as to Plaintiff and the other Class Members: 1194, 1197, and 1197.1 (by failing to pay minimum wages); 510 and 1198 (by failing to pay overtime wages); 226.7 and 512(a) (by failing to provide meal and rest periods or compensation in lieu thereof); 204 (by failing to timely pay wages during employment); 226(a) (by failing to provide accurate wage statements); 201, 202, and 203 (by failing to pay all wages owed upon termination); and 2800 and 2802 (by failing to reimburse business-related expenses);

47. For restitution of unpaid wages to Plaintiff and all the other Class Members and all pre-judgment interest from the day such amounts were due and payable;

48. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq*.;

49. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

50. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq*.

/ / /

/ / /

Dated: October 9, 2025

**BLACKSTONE LAW, APC**

By: *Karen Gold*

Karen I. Gold, Esq.
Marissa M. Mayhood, Esq.
Noam Y. Reiffman, Esq.
Sara Pezeshkpour, Esq.

*Attorneys for* Plaintiff RAJEEV RAM, individually, and on behalf of other similarly situated employees

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: October 9, 2025

**BLACKSTONE LAW, APC**

By: Karen Gold

Karen I. Gold, Esq.
Marissa M. Mayhood, Esq.
Noam Y. Reiffman, Esq.
Sara Pezeshkpour, Esq.

*Attorneys for* Plaintiff RAJEEV RAM, individually, and on behalf of other similarly situated employees